UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

Brian E Beach and
Theresa A Winger-Beach,

       Debtors.

Case No. 21-23346-beh

Chapter 7

---

SLK Capital, LLC,

       Plaintiff,

v.

Brian E Beach,
Theresa A Winger-Beach,
Beach's Steaks & Spirits LLC,
Louis D Reimer, and
Mary Lou Reimer,

       Defendants.

Adv. No. 21-2103

---

## DECISION AND ORDER DISMISSING CLAIM FOR
## AVOIDANCE OF ALLEGED FRAUDULENT TRANSFER

### BACKGROUND

Plaintiff SLK Capital, LLC filed an adversary complaint against five separate defendants: (1) debtor Brian Beach; (2) debtor Theresa Winger-Beach; (3) Mr. Beach's company, Beach's Steaks & Spirits, LLC; (4) Louis Reimer; and (5) Mary Lou Reimer. The complaint makes the following factual allegations:

- Mr. Beach owns Beach's Steaks & Spirits, LLC, which runs a business on property owned by Mr. Beach, located at 10139 Highway 8 W, in Crandon, Wisconsin. *See* ECF No. 1, ¶ 4. Mary Lou Reimer, who is married to Louis Reimer, is Mr. Beach's mother. *See id.* at ¶ 7.

- In mid-2015, Mr. Beach obtained his first loan from plaintiff SLK Capital on behalf of Beach's Steaks & Spirits. In doing so, Mr. Beach provided certain financial information to SLK, which showed no debt owing to defendants Louis and Mary Lou Reimer. *See id.* at ¶ 23.

- On June 11, 2015 (apparently in conjunction with obtaining his first loan on behalf of Beach's Steaks & Spirits), Mr. Beach executed a

document titled "Unlimited and Continuing Guaranty of Payment." *See id.* at ¶¶ 16, 24. The document provides, among other things, that Mr. Beach "has not and will not, without the prior written consent of [SLK] . . . encumber . . . all or substantially all of [Beach's] assets or any interest therein . . . ." *See id.* at 19 (Exhibit C, at 2).

- Mr. Beach obtained a series of additional loans from SLK on behalf of Beach's Steaks & Spirits. In obtaining those loans, "[Mr.] Beach provided several additional assurances . . . all of which represented that Beach did not owe approximately $160,000 to the Reimers and failed to disclose any sort of agreement to grant the Reimers a secured interest" in his Crandon property. *Id.* at ¶ 25.

- One such loan was obtained in June 2016. On June 23, 2016, Beach's Steaks & Spirits and SLK Capital executed a secured promissory note, in which Beach's Steaks & Spirits agreed to pay SLK Capital $90,000 in monthly payments of $2002.00, plus interest. *See id.* at ¶ 12 and Exhibit A.

- As security, Beach's Steaks & Spirits granted SLK Capital an interest in all of its equipment, inventory, general intangibles, accounts, and other business assets, by virtue of a General Business Security Agreement executed that same day. *See id.* at ¶ 14 and Exhibit B. Mr. Beach's continuing guaranty applied to the June 2016 note. *See id.* at ¶ 16.

- Beach's Steaks & Spirits defaulted under the June 2016 note, and SLK Capital eventually filed suit against Mr. Beach and Beach's Steaks & Spirits in Forest County Circuit Court, Case Number 2020CV00050. In March 2021, SLK obtained a money judgment against Mr. Beach and his company, jointly and severally, in the total amount of $220,948.18. *See id.* at ¶¶ 17–18.

- After Beach's Steaks & Spirits executed the June 2016 note, but before the state court litigation was commenced—on June 27, 2017—Mr. Beach granted a mortgage on the Crandon property to the Reimers, recorded with the Forest County Register of Deeds as Document No. 222893. *See id.* at ¶ 20 and Exhibit D.

- Mr. Beach granted the mortgage to the Reimers without additional consideration, and at a time when Mr. Beach and his company were both insolvent, "for the actual purpose and intent of delaying, defrauding, hindering or avoiding collection by legitimate creditors including by this Plaintiff." *See id.* at ¶¶ 26–27, 29.

The complaint is styled as a "complaint to determine non-dischargeability of debt" and the jurisdictional statement asserts that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157, and that "[t]his is an action to declare the Debtor's debt to the Creditor non-dischargeable under 11 U.S.C. § 523(a)(2)(A), and as such, this is a core proceeding." ECF No. 1, at ¶ 1. But SLK Capital does not limit its prayer for relief to a determination of dischargeability under bankruptcy law; instead, SLK seeks additional forms of relief: (1) an order declaring that the 2017 mortgage Mr. Beach granted to the Reimers is "fraudulent, void and of no force or effect"; and (2) "[a]n order allowing further state court action if necessary against the Debtor and Reimers including foreclosure and sale of the" Crandon property. *Id.* at 7; *see also id.* at ¶¶ 33–34 ("The conduct of Debtor and Defendants in conspiring to unlawfully avoid collection against Beach have engaged in inequitable conduct entitling Plaintiff to equitable relief including avoidance of the Mortgage and authority to pursue further relief in state court including injunctive relief to prevent further waste and obstruction of legal process in the collection of this debt. In addition to avoidance of the fraudulent Mortgage, Plaintiff seeks an order of sheriff's sale of the Property free and clear of any other liens senior to its judgment lien.").

Ms. Reimer filed a motion to dismiss the complaint "pursuant to F.R.C.P. 12(b)(6) and B.R.C.P. 7008 and 7012 for the reason the complaint fails to state a claim against Mary Lou Reimer upon which relief can be granted." ECF No. 5, at 2.[1] The debtors also filed a motion to dismiss the complaint for failure to state a claim. *See* ECF No. 7, at 1 (moving the Court to dismiss the complaint "for failure to state a cause of action under Sec. 523(a)(2)(A) of the United States Bankruptcy Code"). Neither motion to dismiss addresses SLK Capital's request to void the Reimers' mortgage and to pursue collection against the property under state law.

---

[1] Ms. Reimer's attorney also represents that Louis D. Reimer is deceased and that Mary Lou Reimer is the surviving mortgagee. *Id.* at 4.

SLK Capital filed a joint objection to the motions to dismiss. In addition to arguing that its complaint plausibly states a claim that Mr. Beach fraudulently obtained the 2016 loan by falsely representing that he had no preexisting debt, SLK also defends its state-law avoidance claim, asserting:

> . . . Beach entirely ignores SLK's claim of fraudulent transfer pursuant to WIS. STAT. § 242.04(1)(a). Under that statute, transfers are fraudulent as to present and future creditors where:
>
>> (1) A transfer made or obligations incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
>> (a) With actual intent to hinder, delay or defraud any creditor of the debtor;
>
> No misrepresentation is required to state this claim.
>
> SLK can bring the claim pursuant to 11 U.S.C. §§ 502, 544(b). *Unisys Corp. v. Dataware Products, Inc.*, 848 F.2d 311 (1st Cir. 1988) (once trustee abandons § 544(b) claim, creditor with state law claim against transferee may then pursue claim). His mother is an insider by definition. None of the Defendants address the allegations of conspiracy as pled. Indeed, even the legitimacy of the loan is disputed since Beach's representations in 2015 were that no loan existed when he applied for financing assistance.

ECF No. 13, at 5.[2]

It is unclear whether SLK's argument here is that its allegations of the "fraudulent transfer" in 2017 support a finding of nondischargeability as to the pre-existing debt incurred in 2016 under section 523(a)(2)(A)—an assertion not supported by case law[3]—or whether SLK is defending what it considers to be a

---

[2] Wis. Stat. § 242.07 provides creditor remedies for fraudulent transfers under Wis. Stat. § 242.01, which include, among other things, "[a]voidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim"; "[a]n attachment or other provisional remedy against the asset transferred"; and "[a]n injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or of other property."

[3] *See CQM Inc. v. VandenBush (In re VandenBush)*, 614 B.R. 306, 317 (Bankr. E.D. Wis. 2020) (a post-judgment, alleged fraudulent-conveyance scheme to hinder collection of a preexisting state-law contract debt did not render the original judgment debt non-dischargeable under § 523(a)(2)(A), because the original judgment debt at issue was not "obtained by" the alleged post-judgment fraudulent transfers) (citing cases).

separate cause of action under state law (*see* Wis. Stats. §§ 242.04(1)(a) and 242.07) for avoidance of the 2017 mortgage to the Reimers. Assuming the latter—that SLK wants this Court to adjudicate its rights vis-à-vis the debtors and third parties outside the context of a liquidation and distribution in this bankruptcy case—the Court must dismiss such a claim for lack of subject matter jurisdiction.

## DISCUSSION

This Court previously has summarized the limits of a bankruptcy court's statutory jurisdiction:

> A bankruptcy court's jurisdiction is grounded in statute. Under 28 U.S.C. § 1334(b), district courts "shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." District courts may refer such proceedings to bankruptcy judges under 28 U.S.C. § 157(a), and the Eastern District of Wisconsin has done so. *See* Order of Reference (E.D. Wis. July 16, 1984). Section 1334(b) describes three types of proceedings over which this Court has subject matter jurisdiction: (1) proceedings *arising under* title 11; (2) proceedings *arising in* cases under title 11; and (3) proceedings *related to* cases under title 11.
>
> A proceeding *arises under* title 11 if it "depend[s] on a right 'created or determined by a statutory provision of title 11.'" *Nelson v. Welch (In re Repository Techs., Inc.)*, 601 F.3d 710, 719 (7th Cir. 2010). . . .
>
> Proceedings *arising in* a case under title 11 are "administrative matters that arise *only* in bankruptcy cases," and "ha[ve] no existence outside of the bankruptcy." *Id.* . . .
>
> That leaves *related to* jurisdiction, which the Seventh Circuit has interpreted narrowly. *See Matter of FedPak Sys., Inc.*, 80 F.3d 207, 214 (7th Cir. 1996). A proceeding is related to a bankruptcy case if it "affects the amount of property available for distribution or the allocation of property among creditors." *Matter of Xonics, Inc.*, 813 F.2d 127, 131 (7th Cir. 1987). In *Xonics*, the Seventh Circuit declined to find "related to" jurisdiction over a dispute concerning property that was no longer part of the bankruptcy estate, explaining: "When the disposition of the abandoned assets cannot

possibly affect other creditors, there is no reason for the
bankruptcy court's jurisdiction to linger." *Id.* at 132. . . .

*Gorokhovsky v. Ocheretner (In re Gorokhovsky)*, Case No. 17-2360, 2018 WL 4006310, at *5 (Bankr. E.D. Wis. Aug. 20, 2018) (emphasis in original).

Here, SLK's claim for avoidance of the Reimers' mortgage was created by Wisconsin law and the rights provided in Wis. Stats. §§ 242.04(1)(a) and 242.07—not the Bankruptcy Code—so it does not arise under title 11. Likewise, the claim exists and can be litigated outside of bankruptcy, so it does not arise in a case under title 11. And because SLK's prosecution of its state law claim, outside of the context of this bankruptcy and on its own behalf, will have no effect on the administration of the debtors' estate and distribution to creditors, it is not "related to" this case, meaning the Court lacks statutory jurisdiction to adjudicate the claim.[4]

Nor does this Court have ancillary jurisdiction over the claim, which is not factually interdependent with SLK's nondischargeability claim, and unnecessary to resolve for the successful functioning of the Court. *See, e.g., In re Olsen*, 559 B.R. 879, 886 (Bankr. E.D. Wis. 2016) ("[T]he Supreme Court

---

[4] Notably, SLK does not purport to assert an avoidance claim on behalf of the bankruptcy estate—a cause of action over which the Court *does* have jurisdiction, *see* 28 U.S.C. § 157(b)(2)(H)—although it cites 11 U.S.C. § 544(b) as a basis for bringing its state law cause of action. Section 544(b) of the Code, however, authorizes a Chapter 7 *trustee*, not a creditor, to avoid a transfer that is "voidable under applicable law"—including state fraudulent transfer law—"by a creditor holding an unsecured claim," on behalf of the bankruptcy estate and the creditor body as a whole. "The bankruptcy trustee 'has the sole responsibility to represent the estate by bringing actions on its behalf.' This means that the trustee 'has creditor status under 11 U.S.C. § 544 and is the only party that can sue to represent the interests of the creditors as a class.'" *Better Hearing, LLC v. Hovis (In re Hearing Help Express, Inc.)*, 575 B.R. 175, 182 (Bankr. N.D. Ill. 2017) (internal citations omitted). The avoidance of a fraudulent transfer under Wis. Stat. § 242.04(1)(a) and 11 U.S.C. § 544(b) is the type of general claim that falls within the trustee's sole authority to bring. *See id.* at 183–84 (creditor plaintiff lacked authority to bring an avoidance claim under 11 U.S.C. § 548 or the Illinois Uniform Fraudulent Transfer Act, as incorporated by 11 U.S.C. § 544(b); "even if state law creates a cause of action for creditors . . . individually to avoid fraudulent transfers of assets which hinder the creditor's ability to collect a separate debt, because such cause of action is for 'an injury common to all creditors' and 'only in an indirect manner,' it is one of 'the kinds of claims that may be brought only by the trustee in bankruptcy'"). Nor has SLK demonstrated that it has derivative authority to pursue the claim on behalf of the estate, which may occur only in narrow circumstances. *See id.* at 184–87 (dismissing adversary complaint of creditor plaintiff, who lacked authority to bring avoidance claims on behalf of the estate and failed to demonstrate derivative authority to pursue them).

explained that ancillary jurisdiction may be asserted for two purposes: '(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent, and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees.'") (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 379–80, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)); *Dalton v. Navient (In re Dalton),* No. 19-26478-KMP, 2020 WL 5580131, at *3 (Bankr. E.D. Wis. Apr. 13, 2020) (ancillary jurisdiction did not exist because "the Debtors are seeking to litigate an intentional misrepresentation claim in the bankruptcy court. They are not relying on the Court's enforcement authority to manage its proceedings, vindicate its authority, and effectuate its decrees in order to do so.").

The only remaining claim over which this Court has jurisdiction is for the determination of the dischargeability of a debt under 11 U.S.C. § 523(a)(2)(A). This cause of action, by its nature, may be asserted only against a debtor in bankruptcy—meaning that defendants Beach's Steak & Spirits, LLC, Louis Reimer, and Mary Lou Reimer are not proper defendants in this proceeding. In other words, dismissal of the avoidance cause of action requires dismissal of the third-party defendants.

The Court will reserve ruling on the debtors' pending motion to dismiss the remaining cause of action under section 523(a)(2)(A) for failure to state a claim after the conclusion of the November 3, 2021 pretrial conference in this matter.

## CONCLUSION AND ORDER

For the foregoing reasons,

IT IS THEREFORE ORDERED that, to the extent that plaintiff SLK Capital LLC's complaint asserts a claim for avoidance of the Reimers' mortgage under state law, the claim is dismissed under Federal Rule of Civil Procedure 12(b)(1), incorporated by Federal Rule of Bankruptcy Procedure 7012, for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that defendants Beach's Steak & Spirits, LLC, Louis Reimer, and Mary Lou Reimer are dismissed as defendants in this proceeding.

Dated: October 21, 2021

By the Court:

Beth E. Hanan
United States Bankruptcy Judge